IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ZAHEER M. UDDIN,

   Plaintiff,

  v.

UNIVERSAL AVIONICS
SYSTEMS CORPORATION and
AMERICAN PANEL
CORPORATION,

   Defendants.

CIVIL ACTION FILE

NO. 1:05-CV-1115-TWT-GGB

## **ORDER**

Pending before the Court is Plaintiff's Motion for Leave to File a Response to Defendants' Statement of Undisputed Material Facts. (Doc. 45). For the reasons discussed below, Plaintiff's Motion for Leave to File a Response to Defendants' Statement of Undisputed Material Facts [Doc. 45] is **GRANTED**.

Pursuant to Fed. R. Civ. P. 6(b)(2), Plaintiff asks this court to allow him to file his response to Defendants' statement of undisputed material facts even though the deadline for filing of the response has passed. (See Doc. 45, Supporting Brief at 1-2). Plaintiff's counsel has provided an affidavit stating that she finalized and prepared for e-filing the response at issue on April 12, 2006, and she does not know why the e-filing

did not occur. (Doc. 45, Katica Aff. at 1-2; <u>see also</u>, Doc. 45, Exh. 1 (computer screen captures showing that files named "Plaintiff's Response to Statement of Material Facts" in a folder named "Uddin v Universal Avionics" existed and were last modified on April 12, 2006). Plaintiff's counsel had to leave her office early that day due to the sudden, serious illness of her elderly father, and her staff was to perform the actual e-filing of the documents. (Doc. 45, Katica Aff. at 1-2). Plaintiff's counsel surmises that the filing did not occur due to "an unknown electronic transmission error." (Doc. 45, Supporting Brief at 2). Plaintiff argues that the above circumstances constitute "excusable neglect" under Rule 6(b)(2). (<u>Id.</u>).

The court agrees with Plaintiff. "Rule 6(b) of the Federal Rules of Civil Procedure governs enlargement of time." <u>McLaughlin v. City of LaGrange</u>, 662 F.2d 1385, 1387 (11th Cir. 1981). "After the time has run for making response, a court may permit response 'where the failure to act was the result of excusable neglect.'" <u>Id.</u> (quoting Fed.R.Civ.P. 6(b)(2)). "[W]hether a party's neglect of a deadline may be excused is an equitable decision turning on all relevant circumstances surrounding the party's omission." <u>Clarke v. Health & Human Servs.</u>, 2006 WL 994150, *2 (11th Cir. April 17, 2006) (discussing "excusable neglect" within the context of Fed. R. Civ. P. 60(b)). When applying Rule 6(b)(2), this Circuit has not examined the prejudicial effect

2

of a late filing in determining whether excusable neglect exists. In re South Atl. Fin. Corp. v. South Atl. Fin. Corp., 767 F.2d 814, 818 (11th Cir. 1985).

The instant case differs from cases in which this Circuit has found the absence of excusable neglect in that, in this case, the failure to file may have been due to an electronic filing error. Compare with McLaughlin, 662 F.2d at 1387-88 (finding that appellant had not demonstrated excusable neglect for failing to respond in a timely manner where his only excuse for failing to do so was that his attorney was a solo practitioner with a busy schedule); Beaufort Concrete Co. v. Atlantic States Constr. Co., 352 F.2d 460, 463 (5th Cir. 1965) (district court did not abuse its discretion in finding no excusable neglect where party offered no excuse for its failure to comply with time requirement). In any event, given the relevant circumstances surrounding Plaintiff's omission—including the evidence that the response was completed prior to the filing deadline and Plaintiff's counsel's need to leave unexpectedly on the date of the filing deadline to tend to her ailing father—allowing Plaintiff to file his response out of time is the equitable result. Accordingly, Plaintiff's Motion for Leave to File a Response to Defendants' Statement of Undisputed Material Facts [Doc. 45] is **GRANTED**.

3

**IT IS SO ORDERED**, this 1st day of June, 2006.

                                              /s/ Gerrilyn G. Brill
                               GERRILYN G. BRILL
                               UNITED STATES MAGISTRATE JUDGE